# Crider v. Pa. Department of Transportation

*Mark A. Schneider,* for petitioner.
*Howard W. Bischoff,* for respondent.

PEOPLES, *P.J.*, November 20, 1984—On August 2, 1979, Roy Charles Crider filed in this court a petition for allowance of appeal from suspension of driver's operating privileges whereby he challenged the propriety of a six-month suspension of his operator's license privileges issued by the Bureau of Traffic Safety on July 3, 1979. This suspension issued as the result of appellant's conviction on November 6, 1978, of the offense of driving while intoxicated.

From the pleadings and presentations offered during hearing held before the writer of this opinion on June 30, 1982, it appears that appellant was involved in a one-car accident on September 6, 1978. On or about the same date he was arrested and charged with the offense of driving while intoxicated. At the time of his arrest, a controversy arose between the police department of the City of Altoona and the police department of the Township of Lo-

gan as to which department had jurisdiction at the accident site. Despite the bureau's contentions to the contrary, appellant contends that he did not refuse to submit to a breath test, but merely insisted that the test be administered by the police department having jurisdiction over the accident site. Nonetheless, on October 2, 1978, appellant received from the Bureau of Traffic Safety an order suspending his motor vehicle operator's privileges for a period of six months for violation of section 1532(B) of the Motor Vehicle Code of the Commonwealth.

There is no dispute that the notice of suspension received by appellant on October 2, 1978, furnished to him no explanation for the suspension other than the aforementioned reference to section 1532(B) of the Motor Vehicle Code. (See Exhibit "B" attached to appellant's petition for appeal.) There is also no dispute of appellant's contention that he properly complied with the order of suspension which he received on October 2, 1978; surrendered his operator's license to the Bureau of Traffic Safety; and completed service of the six months suspension. Appellant contends that only when he received notice of the second suspension (July 3, 1979) attendant to his conviction of the offense of driving while intoxicated did he come to understand that the first suspension which he had completed was assigned to him for his alleged failure to submit to a breath test. Only upon his receipt of the notice of the second suspension did appellant contact legal counsel and, as a result of that contact, the instant appeal was initiated.

As previously mentioned, a hearing was held before the writer of this opinion on June 30, 1982, relative to the instant appeal. At that hearing, it was determined by the court that testimony should be

received from the arresting officer and, accordingly, this court issued an order affording to the Bureau of Traffic Safety the opportunity to produce the arresting officer at a subsequent hearing. Such a subsequent hearing was scheduled and held before the Honorable John K. Reilly, Jr., specially presiding, who issued an order under date of November 30, 1982, sustaining the appeal for the failure of the Bureau of Traffic Safety to produce any witness as previously ordered on June 30, 1982. On or about December 15, 1982, the Bureau of Traffic Safety filed in the Commonwealth Court its appeal from Judge Reilly's order. At the specific instance and request of Judge Reilly, this writer prepares and submits this opinion in support of Judge Reilly's decision.

Appellant argues that the bureau's failure to furnish any explanation of the reason for the first suspension of his operating privileges other than a reference to the section number of the Motor Vehicle Code constitutes a violation of his due process right to notice. It is his contention that upon his receipt of the notice of the suspension, he complied with the bureau's directive in the belief that said suspension resulted from his having operated a motor vehicle while intoxicated. Had he understood from the bureau's notice that that suspension resulted from his alleged refusal to submit to breath-testing, he would have immediately filed an appeal from that suspension since he is adamant in his contention that he did not refuse such a test.

In the statement of issues filed by the bureau in compliance with this court's order, it is averred that the bureau was under no obligation to produce any witness at the hearing held before Judge Reilly. It is astounding to this court that the bureau assumes

such a posture in this matter when we note that by letter dated July 14, 1982, legal counsel for the bureau advised this court that ". . . the Commonwealth is prepared to present testimony of the officer in regard to jurisdiction of the Logan Township Police as well as defendant's refusal to submit to a breathalyzer or blood examination. Please schedule this hearing for the next set of Statutory Appeals." If, in fact, the bureau had no intention of offering testimony from any witness, why was indication to the contrary conveyed to this court by the letter of July 14, 1982? This inconsistency in positions taken by the bureau relative to the matter of testimony is indeed puzzling and a matter of considerable concern to this court which has for years experienced extreme difficulties with backlogs and scarcity of hearing dates.

It is the view of this court that the notice of the first suspension accorded to appellant was so inadequately and unclearly worded as to deprive any lay person of any intelligible explanation for the suspension. It appears to this court that only one having access to the text of the Motor Vehicle Code could possibly understand the explanation for suspension which was provided through a scant reference to section 1532(B) thereof. We have absolutely no hesitation in stating that the notice given to this appellant as to the first suspension was defective and seriously violative of appellant's right of due process, i.e., the right to know for what offense his operator's privileges were being suspended in order that he might then make an intelligent decision regarding whether or not he should appeal from that order of suspension. Under no circumstances, can we find that the notice given to appellant had been reasonably calculated to inform him of the reason

for suspension. From our reading of the subject notice of suspension, we are caused to question whether the explanation for the suspension as furnished by the bureau was designed to inform appellant or to conceal from him sufficient information upon which he might then found his decision relative to the propriety of an appeal from the suspension.

This court is fully cognizant of the numerous appellate decisions which greatly constrain the authority of a court of common pleas in appeals from orders of suspension issued by the Bureau of Traffic Safety. In our judgment, the instant matter presents a clear situation in which the interests of equity and justice demand that this court afford relief to appellant when we are fully convinced that his rights of due process have been seriously violated by the Commonwealth. In our judgment, the bureau of traffic safety, by its inadequate notice of reason for the first suspension, effectively deprived appellant of his right of appeal from that suspension. It is, therefore, only right and proper that the wrong done to appellant by the bureau in depriving him of his right to due process be corrected by depriving the bureau of the right to inflict upon appellant a second suspension of his operator's privileges. To do otherwise, in the view of this court, would necessarily require this court's approval of the aforementioned deprivation of due process and this we refuse to do. Should it be the judgment of the appellate court that the decision of this court founded upon the reasoning hereinbefore set forth must be overturned, then we must question what purpose, if any, is served by the law which affords to one such as appellant the right to appeal to the court of common pleas from actions taken by the Bureau of Traffic Safety.